IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY WEST,

                Plaintiff,

  v.

CITY OF LA CROSSE, WIS., DET. MANCUSO, JOHN DOE PARTNER, SGT. PLANGE, JOHN DOE OFFICERS 1 & 2, ASSISTANT DIST. ATT'Y DANIELLE KRANZ, and GUNDERSON HEALTH SYS.,

                Defendants.

OPINION and ORDER

25-cv-769-jdp

---

Plaintiff Troy West, proceeding without counsel, brings several federal claims based on arrests that occurred in May 2022 and March 2023 and on the events surrounding the arrests. West is proceeding without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept West's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss part of the complaint and stay the rest of it.

BACKGROUND

The background is drawn primarily from West's complaint in this case and the background in two other cases that West previously brought in this court: 25-cv-380-jdp and 25-cv-486-jdp.

On May 24, 2022, defendants Detective Mancuso and John Doe Partner told West that he had an out-of-state warrant and needed to go to the police station to clear it. West was searched and drugs were found on him. The drugs were "all in one package and not separated for distribution." Dkt. 1 at 2. Two days later, West was charged with possession with intent to distribute amphetamine/methamphetamine and bail jumping in La Crosse County case no. 2022CF416. Those charges are pending in the state circuit court.

West's name and image were published in a newspaper after his arrest in the '416 case. After he was released on bail, West told defendant Kranz that no evidence supported the charges in the '416 case, but she refused to drop them.

On March 12, 2023, defendant Sgt. Plange of the La Crosse Police Department stopped West's vehicle. Dkt. 1 at 2. West refused a field sobriety test, after which he was transported to Gunderson Hospital by Plange and defendants John Doe Officers 1 & 2. Hospital staff held West down and withdrew his blood without a search warrant or consent. West was then transported to jail, where he was held in a cell naked and without blankets, showers, or phone calls for four days. On March 13, 2023, West was charged with operating a motor vehicle while intoxicated and several counts of bail jumping in connection with the traffic stop. *See* La Crosse County case no. 2023CF222. Those charges are pending in the state circuit court.

In the '380 case brought in this court, West raised Sixth and Fourteenth Amendment claims based on allegations that he hadn't received a preliminary hearing or been appointed counsel in prosecution of the '416 state case. I dismissed the '380 case without leave to amend for failure to state a claim for which I could grant relief. Dkt. 4 in the '380 case.

West then brought the '486 case and case no. 25-cv-487-jdp. In the '486 case, West sued defendant Gunderson Health System, alleging that its staff forcibly withdrew his blood

2

without consent or a warrant. I stayed and closed that case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Dkt. 6 in the '486 case. I explained that West had to move to lift the stay within 30 days after the conclusion of the '222 prosecution, including any direct appeal.

West's complaint in the '487 case was nearly identical to his complaint in the '486 case. I dismissed the complaint in the '486 case without leave to amend because it failed to state a claim and was legally frivolous. Dkt. 6 in the '486 case. I also warned West that any future case based on the same or substantially similar allegations to the '380 and '487 cases would be summarily dismissed. *Id.* at 3.

ANALYSIS

West's complaint in this case has several pleading problems. My analysis focuses on six of them.

First, West brings a Fourth Amendment claim against Gunderson based on allegations that its staff forcibly withdrew his blood without consent or a warrant. But West brought the same claim in the '486 case, which I stayed and closed pursuant to *Younger*. The '222 case is pending in the state circuit court, so West had no basis to pursue this claim in federal court at this time. As I've instructed West, the proper procedure is to move to lift the stay in the '486 case when that case has concluded. In reasserting his Fourth Amendment claim against Gunderson in this case, I find that West has disregarded a prior court order and engaged in abusive litigation. I will not allow West to proceed against Gunderson in this case.

Second, West brings new claims against Plange and John Doe Officers 1 & 2 based on the stop that led to his charges in the '222 case. But those claims would be subject to *Younger* abstention as well. The proper procedure is to wait until the conclusion of the '222 case, move

to lift the stay in the '486 case, and then seek leave to amend the complaint in the '486 case to bring the new claims against Plange and the John Doe officers. I will not allow West to proceed in this case against Plange or John Doe Officers 1 & 2.

Third, I dismissed West's Sixth Amendment claim in the '380 and '487 cases without leave to amend, and I warned him that any future action based on the same or substantially similar allegations to the '380 and '487 cases would be summarily dismissed. But West has again brought a Sixth Amendment claim against Kranz and defendant City of La Crosse and based on substantially similar allegations to the '380 and '487 cases. Also, West hasn't alleged that the City of La Crosse played any role in the conduct underlying the Sixth Amendment claim. I will summarily dismiss the Sixth Amendment claim. West is warned that any further disregard of court orders or other abusive litigation will risk consequences, including dismissal with prejudice of all of his pending cases and the imposition of a filing bar.

Fourth, West brings Fourth and Fourteenth Amendment claims against Mancuso and John Doe Partner based on allegations that they searched and seized him without probable cause, a warrant, or consent. But absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger*, 401 U.S. at 43–44. *Younger* applies to claims for damages, which West seeks against Mancuso and John Doe partner. *See Simpson v. Rowan*, 73 F.3d 134, 137–38 (7th Cir. 1995). If *Younger* applies and the plaintiff seeks damages, courts must stay the case instead of dismissing it. *See id.*; *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). Adjudicating West's claims against Mancuso and John Doe Partner would unduly interfere with his prosecution in the '416 case, so I will stay those claims pursuant to *Younger*.

Fifth, West brings an Eighth Amendment claim based on being held naked in a cell for four days without blankets, showers, or phone calls. I will evaluate this claim under the Fourteenth Amendment's objective reasonableness standard because he was not a convicted prisoner when the underlying conduct occurred. *See Hardeman v. Curran*, 933 F.3d 816, 821–23 (7th Cir. 2019). West has not stated a facially plausible Fourteenth Amendment conditions-of-confinement claim because he has not identified the jail officials who subjected him to those conditions. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)). I will not allow West to amend the complaint to fix this problem because he bases the conditions-of-confinement claim on different events than the events on which he bases his claims and Mancuso and John Doe Partner. *See* Fed. R. Civ. P. 20(a)(2). West would have to pursue the conditions-of-confinement claim in a separate lawsuit. I will not allow West to proceed on a Fourteenth Amendment conditions-of-confinement claim in this case.

Sixth, West brings a federal claim based on loss of reputation in connection with the publication of his name and photos after his arrest. But West hasn't identified which defendant, if any, committed this conduct, and his description of the published information doesn't support a plausible inference that it was false. But even assuming that a state actor published false information that harmed West's reputation, "mere defamation by the government does not deprive a person of liberty protected by the Fourteenth Amendment, even when it causes serious impairment of one's future employment." *Hinkle v. White*, 793 F.3d 764, 767 (7th Cir. 2015). I will not allow West to proceed on his federal claim based on reputational harm.

CONCLUSION

To sum up my rulings:

- West must pursue his Fourth Amendment claim against Gunderson in the '486 case after the conclusion of his prosecution in the '222 case.

- West must pursue his claims against Plange and John Doe Officers 1 & 2 based on the stop that led to his charges in the '222 case by seeking leave to amend in the '486 case after the conclusion of the '222 case.

- West's Sixth Amendment claim is dismissed with prejudice. West may not pursue this claim in any future case.

- West's Fourth and Fourteenth Amendment claim against Mancuso and John Doe Partner are stayed pursuant to *Younger*.

- West's Fourteenth Amendment conditions-of-confinement claim is dismissed without leave to amend, though he may pursue this claim in a separate lawsuit.

- West's federal claim based on loss of reputation is dismissed with prejudice. West may not pursue this claim in any future federal case.

ORDER

IT IS ORDERED that:

1. Plaintiff Troy West's complaint, Dkt. 1, is DISMISSED in part and STAYED in part.

2. West must move to lift the stay on his claims against Mancuso and John Doe Partner within 30 days after the conclusion of the '416 prosecution, including any direct appeal. If West fails to comply with this order, the case will remain closed, and West may be barred by the statute of limitations from bringing his claims against Mancuso and John Doe Partner in any future case.

6

3. City of La Crosse, Sgt. Plange, John Doe Officers 1 & 2, Kranz, and Gunderson are to be removed from the case.

4. The clerk of court is directed to close the case.

Entered October 28, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge